# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL LEN SCHAFFER,<br><br>          Petitioner,<br><br>v.<br><br>KENNETH CAMERON, *Superintendent of SCI-Cresson*; JEFFREY D. BURKETT, ESQUIRE, *District Attorney of Jefferson County*; and TOM CORBETT, *Attorney General of the Commonwealth of Pennsylvania*,<br><br>          Respondents. | CIVIL ACTION NO. 3:10-cv-294<br>JUDGE KIM R. GIBSON |

## MEMORANDUM AND ORDER OF COURT

### I. SYNOPSIS

This matter comes before the Court on the Report and Recommendation ("R&R") (Doc. No. 13) of the United States Magistrate Judge, the Honorable Keith A. Pesto (the "MJ"), recommending that: (1) the petition for a writ of *habeas corpus* filed by Paul Len Schaffer ("Schaffer") be granted in part; and (2) the Court issue a conditional writ requiring the re-sentencing of Petitioner. Respondents Cameron, Burkett, and Corbett (collectively, "Respondents") filed timely objections (Doc. No. 14) to the R&R. For the reasons set forth below, the Court will **ACCEPT in part** and **REJECT in part** the R&R and **DENY** the *habeas* petition.

### II. JURISDICTION AND VENUE

The Court has jurisdiction pursuant to 28 U.S.C. § 2254. Venue is proper under 28 U.S.C. § 2241(d).

1

III. BACKGROUND[1]

In March of 2002, Schaffer stood trial in the Court of Common Pleas of Jefferson County for sexually abusing the minor daughter of his paramour. The jury convicted him on all counts: rape, attempted rape, involuntary deviate sexual intercourse, attempted involuntary deviate sexual intercourse, statutory sexual assault, indecent assault, and corruption of a minor. Pending sentencing, the trial judge revoked Schaffer's bail, remanded him to custody, and ordered that a presentence evaluation be conducted—as required by Pennsylvania's Megan's Law—to determine if Schaffer should be classified as a sexually violent predator. See PA. CONS. STAT § 9795.4. Schaffer's attorney advised him that he had the right to remain silent and to not participate in that evaluation, but indicated that the sentencing judge may look favorably on his cooperation. Because Schaffer maintained that he was innocent even after being convicted, counsel did not anticipate that Schaffer would make damaging admissions during the evaluation process.

Schaffer appeared voluntarily and without counsel for the Megan's Law evaluation. He was interviewed by an investigator for the Sexual Offenders Assessment Board and made incriminating statements, including the admission that he had molested two other minors. Subsequently, the sentencing judge determined that Schaffer was a sexually violent predator, departed upward from the guidelines, and imposed the maximum possible sentence in light of Schaffer's admissions regarding additional victims.

Schaffer unsuccessfully appealed his conviction and sentence. He also sought post-conviction relief in state court before filing the instant *habeas corpus* petition with this Court pursuant to 28 U.S.C. § 2254. He raises four claims in his petition: (1) that he was deprived of

---

[1] The R&R contains a detailed, record-citing recitation of the factual and procedural background of this case, which the Court adopts and incorporates by reference. Thus, this section is limited to the background information necessary for the resolution of Respondents' objections.

his right to a fair trial as a result of an improper jury instruction; (2) that he was impermissibly sentenced based on conduct for which he was neither charged nor convicted; (3) that Pennsylvania's Megan's Law is unconstitutional; and (4) that he received ineffective assistance of counsel in relation to the Megan's Law evaluation. (See Doc. No. 1 at 4-7).

On February 21, 2012, the MJ issued a thorough R&R recommending that the Court deny Schaffer's first three claims but grant his ineffective assistance of counsel claim. The R&R further recommends that the Court issue a conditional writ requiring that Schaffer be resentenced, and that the resentencing be conducted without reliance on any statements Schaffer made during the Megan's Law interview or on any findings derived from these statements. (Doc. No. 13 at 29). Respondents filed timely objections (Doc. No. 14) to the R&R, and the matter is now ripe for disposition.

## IV.     LEGAL STANDARD

Where timely and specific objections to a magistrate judge's report and recommendation are filed, the district court must conduct a *de novo* review of the contested portion of the report. FED. R. CIV. P. 72(b)(3); 28 U.S.C. § 636(b); *Martin v. Martinez*, No. 3:11-837, 2012 U.S. Dist. LEXIS 5806, *5 (M.D. Pa. Jan. 18, 2012). In resolving these objections, the district court may: (1) accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate judge; (2) receive further evidence; or (3) recommit the matter to the magistrate judge. FED. R. CIV. P. 72(b)(3); 28 U.S.C. § 636(b)(1). Similarly, the Local Rules for the Western District of Pennsylvania require the district court to consider the objections to a magistrate judge's report and recommendation and set aside any portion found to be clearly erroneous or contrary to law. See LCvR 72.C.2.

## V. DISCUSSION

In their objections, Respondents contend that the MJ erred by finding that: (1) as a result of equitable tolling, the instant petition was not time-barred; and (2) trial counsel was constitutionally ineffective for failing to attend the Megan's Law presentence interview. The Court agrees with Respondents and will address these issues in turn.

### A. Timeliness

Under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2254, a prisoner has one year from the date a state court conviction becomes final, not including the time during which post-conviction appeals are pending, to file an application for a writ of *habeas corpus*. *Pabon v. Mahanoy*, 654 F.3d 385, 398 (3d Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)). Judgment becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." *Pabon*, 654 F.3d at 398 (quoting § 2241(d)(1)). Instantly, Schaffer's conviction became final on November 29, 2006, when the time expired for seeking *certiorari* for direct review by the United States Supreme Court. See *id.* (quoting *Kapral v. United States*, 166 F.3d 565, 567 (3d Cir. 1999)).

On November 20, 2007, Schaffer filed a petition for post-conviction relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546. As a result of this PCRA petition, Respondents contend that: (1) the filing deadline for Schaffer's federal *habeas* petition was statutorily tolled until June 18, 2010; and (2) Schaffer's instant petition—filed on November 9, 2010—is time-barred because it was filed nearly five months after that deadline. (See Doc. No. 8 at 4). Schaffer does not contest that his petition was due on June 18, 2010; instead, he asserts that equitable tolling should apply to excuse his five-month filing delay. (See Doc. No. 10 at 1).

As the United States Court of Appeals for the Third Circuit recently explained, the AEDPA does not provide additional justification for tolling its one-year time limit beyond the specific instances listed in § 2244(d), which are not applicable in this case. *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012). However, the Third Circuit has recognized rare situations in which *equity* permits tolling. *Id.* (citations omitted). The Third Circuit further explained:

> "[t]here are no bright lines in determining whether equitable tolling is warranted in a given case." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). Nevertheless, "courts must be sparing in their use of equitable tolling," *Seitzinger v. Reading Hosp. & Medical Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999), and should do so "only when the principles of equity would make the rigid application of a limitation period unfair." *Miller*, 145 F.3d at 618 (internal quotation marks and citation omitted). The Supreme Court has provided guidance as to when the "principles of equity" permit equitable tolling: "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S. Ct. at 2562-2563 (internal quotation marks and citation omitted). This conjunctive standard requires showing *both* elements before we will permit tolling. *See Schlueter*, 384 F.3d at 78.

*Sistrunk*, 674 F.3d at 190.

In the case *sub judice*, Schaffer claims that the judge assigned to his PCRA petition incorrectly "indicated that when his direct appeal was concluded, a petition for writ of certiorari *was filed* with the United States Supreme Court" even though no petition was actually filed. (Doc. No. 10 at 2) (emphasis added).[2] As a result of this misstatement, Schaffer claims that he "wasted [five] months chasing down a petition that the PCRA Judge led him to believe was filed." (*Id.* at 3). In the R&R, the MJ notes that the PCRA judge's inadvertent statement that "direct review was sought in the United States Supreme Court" is incorrect. (Doc. No. 13 at 17). In light of this misstatement and the fact that a reasonable person should expect that it take

---

[2] In his original *habeas* petition with this Court, Schaffer similarly states that "[a]ccording to the trial court, upon conclusion of the direct appeal a petition for writ of certiorari *was filed* to the United States Supreme Court. Trial Court Order, 11/06/2008. [Schaffer] has no documentation with regard to that appeal." (Doc. No. 1 at 3 n.1) (emphasis added).

5

"several months for an appellate court to decide whether to grant review," the MJ finds that equitable tolling applies and Schaffer's petition is therefore timely. (See *id.*). Respondents object to this finding, and upon *de novo* review, the Court concludes that Schaffer's petition is untimely because equitable tolling does not apply.

Here, Schaffer does not qualify for equitable tolling because he has demonstrated neither diligence nor extraordinarily burdensome circumstances. Both Schaffer's contention and the MJ's finding are premised on a misreading of PCRA judge's actual statement. In the procedural section of his opinion, the PCRA judge explains that Schaffer was convicted of rape and attempted rape, found to be a sexually violent predator, and sentenced to twenty-six to fifty-two years of imprisonment. (Doc. No. 7-33 at 11). The PCRA judge continues by noting that "[a]fter unsuccessfully appealing to [the Pennsylvania] Superior Court, Schaffer was *denied review* by the Pennsylvania and United States Supreme Courts. He then filed this timely PCRA Petition[.]" (*Id.*) (emphasis added).

Despite Schaffer's claim that the PCRA judge incorrectly stated that a petition for *certiorari* "was filed," the opinion actually states that the United States Supreme Court already "denied review." Such a statement cannot justify Schaffer's purported five-month inquiry into the status of his petition for *certiorari*. In fact, the statement does not justify any delay at all. The opinion indicates that Schaffer's petition was already *denied*, not that the petition was still pending or that the Supreme Court may yet decide to grant review. Thus, even if Schaffer was misled by the PCRA judge's misstatement, he had no grounds to further delay the filing of his *habeas* petition because such denial by the Supreme Court would have re-started the AEDPA's limitation period. Schaffer, therefore, was not pursuing his rights diligently by waiting an additional five months to file his *habeas* petition when he could not have reasonably believed

that his petition for *certiorari* was still pending.

Additionally, Schaffer has not presented extraordinary circumstances to support his claim for equitable tolling. At most Schaffer misread the PCRA judge's unequivocal, albeit incorrect, statement about the procedural history of the case and mistakenly believed that his *certiorari* petition was still pending. However, the Third Circuit has held that misreading a court opinion is not an extraordinary circumstance which stands in the way of filing a timely *habeas* petition. *Sistrunk*, 674 F.3d at 190 (quoting *Holland v. Florida*, 130 S. Ct. 2549, 2562-63 (2010)). Thus, Schaffer has also failed to demonstrate that extraordinary circumstances stood in the way of filing his *habeas* petition in a timely manner.

Because Schaffer has failed to establish either of the conjunctive prerequisites for equitable tolling, the Court finds that his petition is untimely. The Court, therefore, rejects the MJ's contrary finding.

### B. Ineffective Assistance of Counsel

In the R&R, the MJ finds that the Pennsylvania Superior Court unreasonably concluded that Schaffer's counsel was not ineffective when he: (1) failed to attend Schaffer's presentence interview with a Megan's Law investigator; and (2) simply advised Schaffer that he had the right to remain silent. (See Doc. No. 13 at 23-24). Respondents object to the MJ's finding and contend that the Superior Court's decision was not an unreasonable application of clearly established federal law. Thus, Respondents argue, this Court must uphold the Superior Court's decision in light of the AEDPA's deferential standard of review. As discussed below, the Court concurs with Respondents and will reject the MJ's finding.

In *Hanson v. Dragovich*, 426 F. App'x 50 (3d Cir. 2011) (ordered published by *Hanson v. Dragovich*, No. 08-4303, 2011 U.S. App. LEXIS 2067 (3d Cir. Feb. 1, 2011), the Third

Circuit recently addressed the deferential standard of review used by courts to evaluate *habeas* petitions under the AEDPA. To wit, the Third Circuit explained that where—as here—a *habeas* petitioner's claim was adjudicated on the merits in a state court proceeding, the AEDPA provides that a federal court may grant a *habeas corpus* petition only if the petitioner establishes that the state court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.*, 426 F. App'x at 54. The Third Circuit elaborated:

> [a] state court decision is contrary to clearly established federal law if it reaches a "'conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Marshall v. Hendricks*, 307 F.3d 36, 51 (3d Cir. 2002) (quoting *Williams v. Taylor*, 529 U.S. 362, 413, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)). A state court decision is an unreasonable application of clearly established federal law if the court "identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case," "unreasonably extends a legal principle from the Supreme Court's precedent to a new context where it should not apply," or "unreasonably refuses to extend that principle to a new context where it should apply." *Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir. 2002) (citing *Williams*, 529 U.S. at 407). "To find a state court's application of Supreme Court precedent 'unreasonable,' the state court decision must be 'more than incorrect or erroneous'; it must have been 'objectively unreasonable.'" *Marshall v. Cathel*, 428 F.3d 452, 462 (3d Cir. 2005) (quoting *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003)).

*Id.* The Third Circuit further emphasized that the standard of review applied to ineffective assistance of counsel claims raised in *habeas* petitions is "doubly deferential" because both the AEDPA and *Strickland v. Washington*, 466 U.S. 668 (1984), require deference. *Hanson*, 426 F. App'x at 55 (citing *Knowles*, 556 U.S. 111 (2009)).

In the instant case, the Court finds that the Superior Court's dismissal of Schaffer's ineffective assistance of counsel claim was not objectively unreasonable. The United States Supreme Court has not held that a presentence Megan's Law interview is a critical stage of a criminal proceeding which implicates a defendant's Sixth Amendment right to counsel. Moreover, the Third Circuit has observed that "no court has found the Sixth Amendment right to counsel applies to routine presentence interviews." *United States v. Tyler*, 281 F.3d 84, 96 (3d Cir. 2002) (collecting cases). If federal law does not clearly establish that Schaffer was even entitled to counsel during his Megan's Law interview, this Court cannot overturn as objectively unreasonable the Superior Court's dismissal of his *Strickland* claim. Thus, this Court will sustain Respondents' objection and reject the MJ's finding that Schaffer's trial counsel was constitutionally ineffective.

## VI.     CONCLUSION

For the reasons stated above, the Court will sustain Respondents' objections and reject only the portions of the R&R in which the MJ: (1) concludes that Schaffer's petition was timely: (2) finds that the Superior Court was objectively unreasonable in holding that Schaffer's counsel was not ineffective; and (3) recommends that a conditional writ issue requiring resentencing. The remainder of the R&R is neither clearly erroneous nor contrary to law. Accordingly, the Court will deny Schaffer's *habeas* petition. Because Schaffer has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court will not issue a certificate of appealability. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL LEN SCHAFFER,<br><br>Petitioner,<br><br>v.<br><br>KENNETH CAMERON, *Superintendent of SCI-Cresson*; JEFFREY D. BURKETT, ESQUIRE, *District Attorney of Jefferson County*; and TOM CORBETT, *Attorney General of the Commonwealth of Pennsylvania*,<br><br>Respondents. | CIVIL ACTION NO. 3:10-cv-294<br>JUDGE KIM R. GIBSON |

## ORDER

**AND NOW**, this 18th day of May 2012, upon consideration of the Report and Recommendation ("R&R") (Doc. No. 13) of the United States Magistrate Judge and Respondents' timely objections (Doc. No. 14) thereto, and in accordance with the Memorandum, **IT IS HEREBY ORDERED** that the objections are sustained and the R&R is **ACCEPTED in part** and **REJECTED in part**. Specifically, the Court rejects only the portions of the R&R in which the MJ: (1) concludes that Schaffer's petition was timely: (2) finds that the Superior Court was objectively unreasonable in holding that Schaffer's counsel was not ineffective; and (3) recommends that a conditional writ issue requiring resentencing. The Court accepts and adopts the remainder of the R&R as it is not clearly erroneous or contrary to law.

Accordingly, **IT IS FURTHER ORDERED** that Schaffer's *habeas* petition is **DENIED** and the Clerk of Court is directed to mark this case **CLOSED**.

Because Schaffer has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court will not issue a certificate of appealability.

BY THE COURT:

_____
KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE